### CARAVIA v. LEVY.

(Supreme Court, Appellate Term. November 12, 1909.)

1. ACCORD AND SATISFACTION (§ 11*)—COMPROMISE AND SETTLEMENT (§ 6*)—PAYMENT OF CLAIM IN FULL—EFFECT.

The cashing by a creditor of a check containing the words "paid in full," signed by the debtor, is not an "accord and satisfaction," unless there is a genuine dispute between the parties as to the amount due.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11;* Compromise and Settlement, Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 1, pp. 81–84; vol. 8, p. 7561.]

2. ACCORD AND SATISFACTION (§ 11*)—COMPROMISE AND SETTLEMENT (§ 6*)—PAYMENT OF CLAIM IN FULL—EFFECT.

A husband employed a physician to treat his wife. There was evidence that in a conversation between the husband and the physician the physician demanded $100, which the husband refused to pay, and that the number of visits was disputed. After a discussion, it was agreed that the amount due should be compromised at $50. The husband sent the physician a check for $50, containing the words "paid in full." The physician cashed it and used the proceeds. He admitted that he did so because he had no time to waste on any more negotiations with the husband. *Held* to show an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11;* Compromise and Settlement, Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Eugene Caravia against Barnet Levy. From a judgment for plaintiff, rendered in the Municipal Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Aaron J. Levy, for appellant.
Thomas H. Ray, for respondent.

PER CURIAM. The plaintiff is a physician, and claims that he and defendant made a contract by which plaintiff was to be paid $20 a week for treating defendant's wife for tuberculosis of the knee; that he treated her 15 weeks, making a charge of $300, of which only $50 have been paid. Defendant denies any such agreement, but admits plaintiff treated defendant's wife for tuberculosis of the knee and was paid $50 therefor, and he claims that said payment of $50 was in full

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accord and satisfaction. The issues were submitted to a jury, who found for plaintiff in the full amount claimed. Defendant appeals.

The defendant contends that he and his wife called on plaintiff, who agreed to treat his said wife for $3 a visit when such visit was made at the house of defendant, and $1 a visit when made at plaintiff's office, and that the visits at these prices called for less than $50, and defendant denies that any weekly arrangement was made. In support of defendant's claim a check is produced, payable to plaintiff and signed by defendant, for $50, upon which appear the words "paid in full." This is the check by which the $50 admitted to have been received by plaintiff were paid. There seems, so far as the evidence shows, to be no dispute that these words appeared on the check when delivered to plaintiff, and that the plaintiff took the check, retained it for several days, and then got the check cashed and kept the proceeds. The cashing of the check, with these words thereon, however, could not be construed as an accord and satisfaction, unless there was a genuine dispute at the time between the parties as to the amount due. The alleged services were claimed to have been rendered between October 1, 1907, and January 6, 1908, and the defendant claims that on January 10, 1908, there was a conversation at defendant's residence between himself and plaintiff, in which plaintiff demanded $100, which defendant refused to pay, and that there was a sharp dispute as to the amount that defendant owed plaintiff, as the defendant claimed that he only owed for 15 visits in all, half of which were rendered at plaintiff's office and the other half at defendant's residence, at the rates of $1 for each of the first class of visits and $3 for each of the other class of visits, and that after a long discussion it was agreed that the amount due should be compromised at $50, and thereupon the above check was given by defendant to plaintiff, who cashed it on January 21, 1908. It is also claimed by the defendant that his wife is still ill from the same malady, and is being treated by another physician.

Plaintiff denies any such conversation on January 10, 1908, and says defendant's wife called on him on January 9th, and gave him the check in question. The plaintiff further alleges that he objected to the smallness of the amount, and that defendant's wife promised to pay him the balance on plaintiff's return from Europe, whereupon he said:

"I have to take it, because I have not got time to waste on any more negotiations between Mr. Levy and myself."

This is an important admission, which is not subsequently modified or withdrawn, as to the existence, as claimed by defendant, of a genuine dispute with respect to the amount due, so that the acceptance of the check, with the words "paid in full" thereon, would seem to have been an accord and satisfaction, as the wife was without authority to make any promise to pay more, and as there is nothing to indicate that plaintiff had reason to believe that the wife had authority from her husband to make the said promise, in face of the words "paid in full," written by the husband on the check, which check plaintiff kept until the 21st of January and then got the money thereon, as appears from the check itself, and as admitted by plaintiff.

It seems to us that the evidence showed an accord and satisfaction, and that the judgment is not sustained by the evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.